# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### GULFPORT DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| KELVIN DERRELLE ANDERSON, DEBTOR | CASE NO. 25-51801-KMS |

_____

**TRUSTMARK BANK'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (DKT. #20)**
_____

Trustmark Bank, successor in interest to Trustmark National Bank, ("Trustmark") objects to the confirmation of the Debtor's Chapter 13 Plan ("Plan") (Dkt. #20) on the following grounds:

1. On December 1, 2025, Kelvin Derrelle Anderson, ("Anderson") filed a voluntary petition for relief pursuant to Chapter 13. David Rawlings the Chapter 13 trustee.

2. Trustmark is a secured creditor in this case. Trustmark has a mortgage loan secured by Anderson's personal residence. Trustmark has filed a Proof of Claim (Claim No. 4), which is attached hereto as Exhibit A and incorporated herein by reference. Trustmark's claim is secured by a lien on Anderson's primary residence.

3. As set forth in Trustmark's proof of claim, as of the petition date, the total amount due was $570,601.30, which includes principal, interest, other fees, and pre-petition attorneys' fees and costs. As set forth in the proof of claim, on October 25, 2024, the Debtor entered into a promissory note, a true and correct copy of which is attached to Trustmark's proof of claim, pursuant to which he agreed to pay the amount due under the deed of trust in monthly payments with a final maturity date of November 26, 2026.

4. On December 29, 2025, Anderson filed his Chapter 13 plan, which was "corrected" that same day (Dkt. #20). The Chapter 13 plan, as corrected, purports to modify Trustmark's home mortgage by extending the payments under the mortgage beyond the maturity date of the loan secured by the principal residence, which is November 26, 2026. Pursuant to 11 U.S.C. §

1

1322(b)(2), the Chapter 13 Plan, as corrected, cannot be confirmed because it impermissibly attempts to modify the home mortgage by extending the maturity date beyond the life of the Plan.

5. Alternatively, pursuant to 11 U.S.C. § 1322(c)(2), to the extent Anderson is allowed to amend the Chapter 13 Plan to provide for payment in full of the mortgage over the five (5) year term of the Plan, the required payments will be substantially more than the amount set forth in the current Chapter 13 plan. Based on Anderson's Schedules I and J (Your Income and Your Expenses) (Dkt. #17), Anderson lacks sufficient income to fund such a plan that meets the requirements of Chapter 13, i.e., paying Trustmark's claim in full in five years. Any such plan would not be feasible and any such amendment would be futile. Accordingly, Trustmark objects to any attempted amendment as futile.

WHEREFORE, PREMISES CONSIDERED, Trustmark respectfully requests that this Court deny confirmation of the Plan as it relates to Trustmark's claim.

Respectfully submitted this 16th day of January, 2026.

        **TRUSTMARK BANK, SUCCESSOR IN INTEREST TO TRUSTMARK NATIONAL BANK**

        By: /s/ Erin A. McManus
           Erin A. McManus, One of Its Attorneys

OF COUNSEL
Jim F. Spencer, Jr. (MSB#7736)
Erin McManus Best (MSB #106317)
Watkins & Eager PLLC
P.O. Box 650
Jackson, MS 39205
(601) 965-1900
jspencer@watkinseager.com
emcmanus@watkinseager.com

## CERTIFICATE OF SERVICE

    I, Erin A. McManus, do hereby certify that I have caused to be served the above and foregoing pleading on all parties requesting notice by using the ECF filing system of the court:

Thomas Carl Rollins, Jr. – trollins@therollinsfirm.com
David Rawlings – ecfnotices@rawlings13.net
United States Trustee – USTPRegion05.JA.ECF@usdoj.gov

This 16th day of January, 2026.

                                            /s/ Erin A. McManus
                                            Erin A. McManus